Matthew G. Berkowitz (CA Bar No. 310426)
REICHMAN JORGENSEN LEHMAN & FELDBERG LLP
100 Marine Parkway, Suite 300
Redwood Shores, CA 94065
Tel: (650) 623-1401
mberkowitz@reichmanjorgensen.com

Connor S. Houghton (*Pro Hac Vice* forthcoming)
REICHMAN JORGENSEN LEHMAN & FELDBERG LLP
1909 K Street NW, Suite 800
Washington DC, 20006
Tel: (202) 894-7310
choughton@reichmanjorgensen.com

Patrick Colsher (CA Bar No. 336958)
Sean M. McCarthy (*Pro Hac Vice* forthcoming)
REICHMAN JORGENSEN LEHMAN & FELDBERG LLP
650 Fifth Avenue, Suite 2320
New York, NY 10019
Tel: (212) 381-1965
pcolsher@reichmanjorgensen.com
smccarthy@reichmanjorgensen.com

*Attorneys for Plaintiffs Valtrus Innovations Ltd. and Key Patent Innovations Ltd.*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Valtrus Innovations Ltd. and Key Patent Innovations Ltd., <br><br> Plaintiffs, <br><br> v. <br><br> Prime Data Centers, LLC, <br><br> Defendant. | Case Number 26-cv-1158 <br><br> **COMPLAINT FOR PATENT INFRINGEMENT AND JURY DEMAND** <br><br> **JURY TRIAL DEMANDED** |

**COMPLAINT FOR PATENT INFRINGEMENT AND JURY DEMAND**

Plaintiffs Valtrus Innovations Limited ("Valtrus") and Key Patent Innovations Limited ("KPI") (collectively, "Plaintiffs"), by and through undersigned counsel, bring this complaint for patent infringement and damages against Defendant Prime Data Centers, LLC ("Prime") and, in support, allege the following:

**PARTIES**

1.    Valtrus is the successor-in-interest to a substantial patent portfolio created by Hewlett Packard Enterprise and its predecessor, subsidiary, and affiliate companies, including Hewlett-Packard Development Company, L.P. (collectively, "HPE"). Valtrus is an Irish entity duly organized and existing under the laws of Ireland. The address of the registered office of Valtrus is: The Glasshouses GH2, 92 Georges Street Lower, Dun Laoghaire, Dublin A96 VR66, Ireland.

2.    KPI is the beneficiary of a trust pursuant to which Valtrus owns, holds, and asserts the Asserted Patents. KPI is an Irish entity duly organized and existing under the laws of Ireland. The address of the registered office of KPI is: The Glasshouses GH2, 92 Georges Street Lower, Dun Laoghaire, Dublin A96 VR66, Ireland.

3.    On information and belief, Prime is a limited liability company organized and existing under the laws of the State of Delaware. On information and belief, Prime can be served with process at Paracorp Incorporated, 2140 S. DuPont Hwy., Camden, DE 19934.

**ASSERTED PATENTS**

4.    Valtrus is the assignee of and owns all right and title to each of the Asserted Patents, which are U.S. Patent Nos. 6,854,287 (the '287 Patent) and 6,868,682 (the '682 Patent).

5.    The Asserted Patents were developed by inventors working for HPE. HPE developed numerous innovative and diverse technologies, including groundbreaking inventions pertaining to data center cooling and analytics for monitoring conditions in data centers.

6.    The '287 Patent, entitled "entitled "Cooling system," was duly and lawfully issued on February 15, 2005. A true and correct copy of the '287 Patent is attached hereto as Exhibit 1.

**Complaint for Patent Infringement**                    2

7.      The '287 Patent was in full force and effect from its issuance to its expiration. Valtrus owns by assignment the entire right and title in and to the '287 Patent, including the right to seek damages, including past damages, for any infringement thereof.

8.      The '682 Patent, entitled "Agent Based Control Method and System for Energy Management," was duly and lawfully issued on March 22, 2005. A true and correct copy of the '682 Patent is attached hereto as Exhibit 2.

9.      The '682 Patent was in full force and effect from its issuance to its expiration. Valtrus owns by assignment the entire right and title in and to the '682 Patent, including the right to seek damages, including past damages, for any infringement thereof.

## JURISDICTION AND VENUE

10.      This is an action for patent infringement arising under the United States Patent Laws, 35 U.S.C. § 100 et seq.

11.      This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

12.      Prime operates data centers in this District. Prime operates its SMF01 data center campus on AK Street in McClellan Park, CA, which includes two data centers called SMF01-01 and SMF01-02.[1]

13.      This Court has general and specific personal jurisdiction over Prime. Prime operates two data centers in this District on its SMF01 data center campus. Prime has maintained offices, employees, and business operations in California, and has therefore purposefully availed itself of the privileges of conducting business in California and has minimum contacts with the State of California. The exercise of personal jurisdiction is proper under the California Long Arm Statute and consistent with the Due Process Clause. The Court also has specific personal jurisdiction over Prime because, on information and belief, it has performed methods in its California data center facilities that infringed the Asserted Patents, such that Plaintiffs' causes of action arise directly out of its contacts with California.

14.      Venue is proper in this District under 28 U.S.C. § 1400(b). Prime has a regular and established place of business in this District at its SMF01 data center campus. As further described below,

[1] https://primedatacenters.com/locations/sacramento/;
https://primedatacenters.com/news/mcclellan-park-sacramento-datacenter/

**Complaint for Patent Infringement**            3

Prime committed acts of infringement in this District at these facilities prior to the expiration of the Asserted Patents.

### DEFENDANT'S DATA CENTERS AND INFRINGING CONDUCT

15. Prime owns and operates a number of data centers across the United States. For example, Prime advertises operating 29 data centers across 14 campuses globally, including seven U.S. markets.[2] Prime's data centers implement cooling equipment from various suppliers, and Prime uses that equipment to perform methods of cooling that, on information and belief, infringe the Asserted Patents.

16. In particular, Prime used cooling equipment from Vertiv Corporation in its data centers prior to the expiration of the Asserted Patents. For example, Vertiv cooling units can be seen inside Prime's Sacramento data center facilities in its online virtual tours posted in July 2020:



https://www.youtube.com/watch?v=JE6PWm7h9gk

---

[2] https://primedatacenters.com/about/

**Complaint for Patent Infringement**                4



https://www.youtube.com/watch?v=JE6PWm7h9gk at 4:44

17. In addition, a previous litigation between Prime and Vertiv shows that Prime used Vertiv's cooling equipment in its Sacramento data centers. *See Vertiv Grp. Corp. v. SVO Bldg. One, LLC*, No. 1:18-cv-01776, Dkt. 1 ¶¶ 84-85, 92-93 (D. Del. Nov. 9, 2018) (explaining that Vertiv provided a DSE cooling system to Prime's Sacramento data center); *id.* Dkt. 59 at ¶ 1 (explaining that SVO (the named defendant) is a subsidiary of Prime Data Centers). The DSE equipment described by Vertiv in its lawsuit against Prime regarding its Sacramento data centers is the same type of DSE cooling equipment shown in Prime's virtual tours in 2020, demonstrating that Prime continued to use Vertiv's cooling equipment in its Sacramento data centers.

18. On information and belief, Prime may have used other cooling equipment from suppliers beyond Vertiv in its data centers to perform methods that infringe the Asserted Patents, including, for example, Stulz, Trane, DataAire, and Schneider Electric. On information and belief, Prime may also use equipment from additional suppliers that Valtrus is not aware of from public information but that can be identified through discovery. On information and belief, Prime used this equipment from other suppliers in its operational data centers across the United States to infringe the Asserted Patents prior to their expiration.

19. Valtrus notified Prime of its infringement of its patent portfolio relating to data center technologies and sought to resolve this dispute prior to bringing this case.

20. On January 9, 2025, Valtrus's counsel sent a letter to Nicholas Laag, Prime's Chief Executive Officer, informing Prime about its patent portfolio and offering an opportunity to license

**Complaint for Patent Infringement**     5

Valtrus's patents. The letter attached a representative list of data center-related patents and included claim charts demonstrating infringement of seven patents, including the Asserted Patents. The letter also noted that Valtrus had incomplete information regarding the products and methods used by Prime in its data centers because those data centers are secure facilities that are not open to the public, and offered to enter into a non-disclosure agreement with Prime to confirm the scope and extent of Prime's infringement. Prime never responded to Valtrus's letter.

21. In the declaratory judgment litigation pending between Valtrus and Vertiv, *see Vertiv Corporation v. Valtrus Innovations Ltd.*, No. 2:24-cv-00907 (E.D. Tex.), where Vertiv has stated repeatedly that it will be liable for any judgment against its customers for infringing Valtrus's patents using its equipment, Valtrus sought to resolve its customer allegations directly with Vertiv. Valtrus made multiple attempts to resolve its disputes with Vertiv's customers throughout 2024 and 2025, and Vertiv consistently refused to engage. On February 5, 2026, Valtrus sent a final request to Vertiv to resolve its customers' infringement without litigation. Exhibit 3. Vertiv never responded.

22. Valtrus previously filed a complaint against Prime in the Northern District of Illinois based on its infringement of the same Asserted Patents. *Valtrus Innovations Ltd. v. Prime Data Centers, LLC*, No. 1:26-cv-03958 (N.D. Ill. Apr. 9, 2026). Prime alleged that venue was not proper in the Northern District of Illinois, so Valtrus voluntarily dismissed that case without prejudice and refiled in this District, where Prime operated its Sacramento data centers to infringe the Asserted Patents prior to their expiration.

23. Because Prime and Vertiv have refused to engage with Valtrus's requests to resolve this dispute without litigation, and Prime has not provided any additional information about its cooling equipment used in its data centers, Plaintiffs have been forced to file this case to protect their valuable patent rights.

## FIRST CLAIM

### (Infringement of the '287 Patent)

24. Valtrus re-alleges and incorporates herein by reference paragraphs 1-23 of the Complaint.

25. The '287 Patent is generally directed to a system and method for cooling a room configured to house a plurality of computer systems.

**Complaint for Patent Infringement**                6

26. Prime infringed the '287 Patent by performing methods of cooling its data centers prior to the expiration of the '287 Patent. As described above, Prime has used cooling equipment from at least Vertiv to cool its data centers, and may have also used other cooling equipment from Stulz, Trane, DataAire, Schneider Electric, or other suppliers in a similar manner to perform the claimed methods. Exemplary claim charts reflecting how Prime used or may have used these products to infringe claim 1 of the '287 Patent are attached as Exhibits 4-7.

## SECOND CLAIM

### (Infringement of the '682 Patent)

27. Valtrus re-alleges and incorporates herein by reference paragraphs 1-26 of the Complaint.

28. The '682 Patent is generally directed to a system and method for controlling temperature in a data center based on sensory data.

29. Prime infringed the '682 Patent by performing methods of cooling its data centers prior to the expiration of the '682 Patent. As described above, Prime has used cooling equipment from at least Vertiv to cool its data centers, and may have also used other cooling equipment from Stulz, Trane, DataAire, Schneider Electric, or other suppliers in a similar manner to perform the claimed methods. Exemplary claim charts reflecting how Prime used or may have used these products to infringe claim 1 of the '682 Patent are attached as Exhibits 8-11.

## PRAYER FOR RELIEF

WHEREFORE, Valtrus prays for judgment against Prime as follows:

A.     That Prime has infringed each of the Asserted Patents;

B.     That Prime pay Plaintiffs damages adequate to compensate Plaintiffs for its past infringement of each of the Asserted Patents, together with interest and costs under 35 U.S.C. § 284;

C.     That Prime pay prejudgment and post-judgment interest on the damages assessed;

D.     That this is an exceptional case under 35 U.S.C. § 285; and that Prime pay Plaintiffs' attorneys' fees and costs in this action; and

E.     That Plaintiffs be awarded such other and further relief, including equitable relief, as this Court deems just and proper.

**Complaint for Patent Infringement**               7

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiffs hereby demand a trial by jury on all issues triable to a jury.

Date: July 9, 2026

Connor S. Houghton (*Pro Hac Vice* forthcoming)
REICHMAN JORGENSEN LEHMAN & FELDBERG LLP
1909 K Street NW, Suite 800
Washington DC, 20006
Tel: (202) 894-7310
choughton@reichmanjorgensen.com

Patrick Colsher (CA Bar No. 336958)
Sean M. McCarthy (*Pro Hac Vice* forthcoming)
REICHMAN JORGENSEN LEHMAN & FELDBERG LLP
650 Fifth Avenue, Suite 2320
New York, NY 10019
Tel: (212) 381-1965
pcolsher@reichmanjorgensen.com
smccarthy@reichmanjorgensen.com

Respectfully submitted,

*/s/ Matthew Berkowitz*
Matthew G. Berkowitz (CA Bar No. 310426)
REICHMAN JORGENSEN LEHMAN & FELDBERG LLP
100 Marine Parkway, Suite 300
Redwood Shores, CA 94065
Tel: (650) 623-1401
mberkowitz@reichmanjorgensen.com

*Attorneys for Plaintiffs Valtrus Innovations Ltd. and Key Patent Innovations Ltd.*

**Complaint for Patent Infringement**            9